IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LATNIE ZACHARIAH WILLIAM GREGORY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1219-GMS |
| | ) | |
| HONORABLE NORMAN MASSRY, et. al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

## I. BACKGROUND

Pending before the court is petitioner Gregory's request for emergency habeas corpus relief ("petition"). (D.I. 1) Gregory contends that he has been unlawfully imprisoned in the Albany County Correctional Facility since August 19, 2014, because "no criminal action has been commenced against [him] by the filing of a complaint, by a competent fact witness or witness alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance to try, convict, sentence []." *Id.* at 2, 7. He asks the court to order his immediate discharge from prison, and appears to assert that this court has jurisdiction to grant his request because "no court or judge [] has exclusive jurisdiction to order petitioner released." *Id.* at 12, 14.

## II. STANDARD OF REVIEW

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

### III. DISCUSSION

Having reviewed the face of the petition, the court concludes that summary dismissal is appropriate in this case. Gregory is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Therefore, the court does not have jurisdiction over the instant proceeding.

### IV. CONCLUSION

For the aforementioned reason, the court will dismiss Gregory's "emergency" habeas petition for lack of jurisdiction. The court will also decline to issue a certificate of appealability because Gregory has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dec 29, 2014
DATE

UNITED STATES DISTRICT JUDGE

2